## Bethshares v. Allison, et al.

(Decided January 19, 1911.)

### Appeal from McCracken Circuit Court.

Lands—Action to Sell for Re-investment of Proceeds—Provision of Code.—In this action for the sale of real estate and the investment of the proceeds, it appearing that the property is not liable to enhance in value, and that the proceeds were to be invested in real estate of equal value which would produce a greater income, the facts disclosed satisfied the provisions of section 491 Civil Code of Practice.

E. H. PURYEAR and WM. MARBLE for appellant.

JAMES CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee, Mary E. Allison, and her two infant children were devised a dwelling house and lot in Paducah by the will of H. C. Allison. The property was devised to Mary E. Allison for life, with remainder to the two children.

She brought this suit under section 491, Civil Code, to sell the property, and for re-investment of its proceeds in more productive real estate. The petition alleged that this property was the only estate owned by the parties; that it was worth about $10,000, that it produced only about 4 per cent. income, and was inadequate to support its owners and educate the infants, and that it was desired to, and would be for the benefit of the parties to, re-invest the proceeds in more productive real estate. Subsection 4 of section 492, Civil Code, is, so far as pertinent to this case:

"* * * In the action mentioned in section 491, facts must be stated in the petition, and must be proved, showing that the sale will benefit the parties interested in the property."

Proof was taken showing that the widow and infants now reside in Arizona; that she is 36 years old and the infants are under fourteen; that the net income of the property is about $400 a year, and in the opinion of the witnesses the property if sold for as much as $10,000 and the proceeds invested in other real estate that the net income would be increasesd. The court decreed a sale, but required the initial bid to be at least $10,000. Appellant became the purchaser at $10,000, and executed approved bonds. She excepted to the sale, because, fearing she would not obtain a good title as against the infants, remaindermen, the petition and proof were not full enough in their facts to warrant the court's exercising jurisdiction in making the sale.

Residence real estate remote from the owner's domicile, that pays only four per cent. net income, the property being worth $10,000, and the only estate they have, cannot be regarded as the very best real estate investment in these times. There is nothing to show that this property is liable to enhance in value, or to increase income. It would be an advantage to the owners to have the investment in real estate of equal value which produced greater income, and had at least as good chance to enhance in value in time. Such investments are common, and, therefore, available. The facts disclosed satisfied the requirements of the Code.

Lilly v. Clay, 31 Ky. Law Rep., 317, is unlike this case in its facts. The life tenant and the remaindermen in that case were not related, it is not probable that the present income of that estate, whether great or small, would be bestowed in any part upon the remaindermen; nor does it appear that it was even to the interests of the life tenant to change the investment. Here, while the life tenant is entitled to the whole of the net income during her life, her relation to the infant remaindermen makes it reasonably certain that they would derive benefit now from a present enhancement of income. All the parties here would be benefited by the change of investment, if it were wisely made, as no doubt the chancellor will see is done.

The proceedings conform to the Code.

The judgment confirming the sale is affirmed.